**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.: 1:22-cv-22376-JEM/Becerra

HAROLD JEAN-BAPTISTE,

    Plaintiff,

v.

UNITED STATES DEPARTMENT OF
JUSTICE, *et al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT[1]**

**THIS CAUSE** came before the Court on Defendants United States Department of Justice ("DOJ"), Merrick B. Garland, as Attorney General of the United States Department of Justice ("Garland"), the Federal Bureau of Investigations ("FBI"), Christopher Wray, as Director of the Federal Bureau of Investigations ("Wray"), and Juan Antonio Gonzalez, as the former United States Attorney for the Southern District of Florida's ("Gonzalez") (collectively, "Defendants") Motion to Dismiss Plaintiff's Complaint (the "Motion to Dismiss"), ECF No. [32]. Plaintiff Harold Jean-Baptiste ("Plaintiff") filed a Response to the Motion to Dismiss (the "Response"), ECF No. [35]. After a review of the instant Motion to Dismiss, the pertinent portions of the record, and the relevant authorities, and for the reasons stated below, it is hereby **RECOMMENDED** that Defendants' Motion to Dismiss, ECF No. [32], be **GRANTED**. Plaintiff's Fourth Amended

---

[1] This matter was referred to the undersigned by the Honorable Jose E. Martinez, United States District Judge for a Report and Recommendation on all dispositive matters. ECF No. [4].

Complaint, ECF No. [24] should be dismissed without prejudice, allowing Plaintiff one final chance to amend.

## I. BACKGROUND

Plaintiff filed his Complaint on July 28, 2022, asserting, to the best of this Court's understanding, ten statutory violations and three additional causes of action for "lack care of duty," "Ninth Amendment," and "Cruel and Human Rights Violations," against Defendants DOJ, FBI, Garland, and Wray. *See generally* ECF No. [1]. Prior to the filing of his Complaint, Plaintiff allegedly filed at least three related prior lawsuits in other federal courts, although it is not clear from the Complaint who the defendants were in the prior cases or what the claims consisted of. *Id.* at 3–4.[2] Plaintiff alleges that "[t]his new lawsuit is for new allegations against the defendants for retaliation of the past last lawsuit and attempt to hurt the plaintiff's life." *Id.*

Specifically, Plaintiff's allegations stem from an alleged incident on July 16, 2022, wherein Plaintiff visited a bar, ordered a ginger ale, and "later realize[d] his blood pressure was increasing slow and steadily, and started to sweat and feel chest pain." *Id.* ¶ 7. Because "[t]he ginger ale had no caffeine in it," Plaintiff alleges "he was poison[ed] with [a] toxic substance to increase the heart rate of the plaintiff and cause a heartache [sic.]." *Id.* Plaintiff alleges that he visited Mount Sinai hospital for treatment and reported that he had been poisoned. *Id.* Plaintiff alleges that "the FBI plan[ned] this sophisticate[d] operation to conspire to murder the plaintiff because of [a] past lawsuit and Color of Law complaint filed with DOJ." *Id.* Further, Plaintiff alleges that when he arrived at "the Mount Sinai hospital the FBI Special Agent in charge who orchestrated this sophisticated assassination attempt was at Mount Sinai," and that "[a]ll the nurse[s] and doctor[s]

---

[2] Because the Complaint contains lengthy, misnumbered paragraphs that are not separated by cause of action, the undersigned will refer only to the pages of the Complaint containing the corresponding allegations.

2

were induced under National Security to instruct the plaintiff his abnormal blood pressure which kept increasing to be normal and was discharge[d] by Mount Sinai." *Id.* As support for these claims, Plaintiff alleges that "[t]he entire building of the hospital and emergency room has video of the FBI Special Agent in [c]harge['s] identity." *Id.*

Plaintiff filed his Complaint against the Defendants, excluding Gonzalez, for violations of "42 U.S. CODE.1981, 42 U.S. CODE.1983, 42 U.S. CODE.1985(3), 18 U.S. CODE § 241, 18 U.S. CODE § 242, 18 U.S. CODE § 1117, 42 U.S. CODE § 1986, 42 U.S. CODE § 1981, 42 U.S. CODE § 1985, 42 U.S. CODE § 1988, 18 U.S. CODE § 249, 18 U.S. CODE § 1113, LACK CARE OF DUTY, NINTH AMENDMENT, CRUEL AND HUMAN RIGHTS VIOLATIONS." *Id.* at 2 (emphasis in original). Plaintiff seeks: (1) a declaratory judgment "against FBI and DOJ practices that violated" the listed statutes as well as "LACK CARE OF DUTY, Ninth Amendment and Cruel Human Rights Violations"; (2) that this Court "[o]rder the FBI and DOJ to Disclose the Freedom of Information act and to illustrate the monovalent [sic] actions and substance reference for this case"; (3) a declaratory judgment "for the FBI to issue a 'Dismissal of Complaint' by the FBI and Department of Justice, FBI Criminal Cyber Response Service Branch, Intelligence Branch, Science and Technology Branch, Information Technology Branch, FBI National Security Branch, and other covert branch[es] to hide any investigations against the plaintiff and to stop all improper investigation and electronic surveillance against the plaintiff"; (4) an "order for Injunction and [to] Vacate any Order by the FBI for any investigation, malice order [to] hurt the life of the plaintiff"; (5) an order for "the FBI to eradicate and disclose all personnel, institutions and potential employers that were sent a 'gagged order' [sic] to collect information or prevent employment business dealings or other institutions['] dealings under 'National Security Letter' (NSL)"; (6) an order for "the FBI to formally retract all 'National Security Letter[s]' (NSL) sent to destroy the

character of the plaintiff in writing and verbally"; (7) punitive damages of $250,000,000.00 "for discrimination and malevolent actions to take plaintiff's life from his family and children according to proof disclose[d] to the court"; (8) damages for emotional distress "based on the fact the plaintiff was subjected to cruel behavior by the FBI"; (9) attorneys' fees "according to proof"; and (10) "such other relief as may be deemed just and Prop [sic.]." *Id.* at 9–10.

On August 3, 2022, without first providing proof of service of the summons and Complaint on Defendants, Plaintiff filed an Amended Complaint (the "First Amended Complaint"), ECF No. [6]. The First Amended Complaint contained few corrections of prior allegations but contained no notable substantive changes overall. *Id.* On August 9, 2022, Plaintiff filed four "Acknowledgments of Service" upon Defendants, titling each an "Affidavit of Service on Corporation," where no Defendant is in fact a corporation. ECF Nos. [8]–[11]. Therein, Plaintiff included "proof of delivery" by Priority Mail of unidentified documents received by "A Carvalto," and "E Anderson," (unknown individuals) at unspecified locations in Washington, DC. *Id.* It is unclear whether Plaintiff purports to have served the Complaint or the First Amended Complaint on Defendants through his "Affidavits".

Two days later, Plaintiff filed another Amended Complaint (the "Second Amended Complaint"), without leave of Court. ECF No. [12]. On August 18, 2022, only seven days after that, Plaintiff filed another Amended Complaint (the "Third Amended Complaint"), without leave of Court. ECF No. [14]. On August 23, 2022, Plaintiff filed four additional "Affidavit[s] of Service on Corporation," purporting to have served each Defendant on August 16, 2022, again with unspecified documents, and notably two days *prior* to filing the Third Amended Complaint. ECF Nos. [16]–[19]. The following week, Plaintiff filed four additional "Affidavit[s] of Service

4

on Corporation," purporting to have served each Defendant again on August 22, 2022, and again with unspecified documents. ECF Nos. [20]–[23].

On September 14, 2022, Plaintiff filed yet another Amended Complaint (the "Fourth Amended Complaint") without leave of Court. ECF No. [24]. The Fourth Amended Complaint names Juan Antonio "Tony" Gonzalez, as the former United States Attorney for the Southern District of Florida, as a Defendant for the first time—although he is mentioned only in the caption of the Fourth Amended Complaint and not within the pleading itself. *Id.* It also removes any references to "kidnapping" throughout. *Id.* On September 26, 2022, Plaintiff filed six additional "Affidavit[s] of Service on Corporation," (two of which were directed to Defendant Gonzalez) purporting to have served each Defendant again on September 19, 2022, and again with unspecified documents. ECF Nos. [26]–[31].

## II.  THE INSTANT MOTION

Defendants filed the instant Motion to Dismiss on November 21, 2022. ECF No. [32]. Although it is unclear whether Defendants ever received adequate service of the Summons or any version of the Complaint, Defendants do not address service as an issue in their Motion to Dismiss and accordingly have waived that challenge. *Id.* Defendants note that they are unsure which version of the Complaint is operative, but that all subsequent attempts to amend the Complaint have suffered from the same deficiencies. *Id.* at 2. Defendants argue that (1) the Complaint is a shotgun pleading; and (2) the Complaint's allegations are "frivolous and fantastical" such that the Court should assert its inherent authority to dismiss the action. *Id.* at 3–7.

First, Defendants argue that the Complaint is an "impermissible shotgun pleading that violates Federal Rules of Civil Procedure 8 and 10, which makes it virtually impossible to decipher what claim or claims Plaintiff [] is seeking to assert." *Id.* at 1. Specifically, Defendants argue that

5

"each complaint fails to identify Defendants beyond references to the 'FBI,' 'DOJ,' 'defendant's,' and 'defendants'" and that the complaints "all fail to identify the purported claims in separate counts or sections." *Id.* at 4. Defendants argue that "it is impossible for Defendants to determine what are Plaintiff's claims and the bases thereof," and that Defendants are thus "unable to formulate a proper response." *Id.*

Second, Defendants argue that the allegations that "the FBI conspired to poison [Plaintiff] at a bar with a toxin-laced ginger ale to induce a heart attack," are "frivolous and fantastical," such that the Court should dismiss the Complaint under its inherent authority. *Id.* at 6. Defendants argue that dismissal is appropriate where, as here, "Plaintiff's claims are beyond the pale and cross the line between merely implausible and being completely fantastical and frivolous." *Id.*

Plaintiff filed a Response to the Motion to Dismiss on November 23, 2022. ECF No. [35]. Plaintiff does not directly address any of Defendants' arguments. Rather, Plaintiff argues that "the defendants is [sic.] the government and using all their power to derail the truth of the matter," and "[i]f the defendants['] claim for this case is 'shot gun' case, they should have all the confidence they will win this case, if the allegations are false." *Id.* at 1. Plaintiff further argues that "[t]he defendant[s'] motion to dismiss *should be denied* because of the nature of Federal Laws violated cannot be ignored by defendant[s'] request for 'Motion to Dismiss' and abstention would simply deny the plaintiff's rights to due process as stated by the First Amendment." *Id.* at 2–3 (emphasis in original). Finally, Plaintiff concludes by requesting that the Court both grant his motion for Default Judgment, which is not the motion at issue, "because the defendants failed to appear in 60

days as instructed by the summons according to Fed. R. Civ. P. 12(a)(2) or (3) and Fed. R. Civ. P. Rule 55(c)," and deny the Motion to Dismiss. *Id.* at 7.[3]

### III. LEGAL STANDARD

Rule 8(a) of the Federal Rules of Civil Procedure only requires a short and plain statement of the claim and, as such, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading is facially plausible when it states enough facts for the court to draw a "reasonable inference that the defendant is liable for the" alleged conduct. *Id.* The factual allegations must provide more than a "sheer possibility." *Id.* When reviewing a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. *Hunt v. Aimco Props., L.P.*, 814 F.3d 1213, 1221 (11th Cir. 2016). However, a court need not accept a plaintiff's legal conclusions as true. *Sinaltrainal v. Coca–Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009), *abrogated on other grounds by Mohamed v. Palestinian Auth.*, 566 U.S. 449 (2012).

"Shotgun pleadings violate Rule 8, which requires 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(2), by 'fail[ing] to one degree or another . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.'" *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294–95 (11th Cir. 2018)

---

[3] Plaintiff has filed five Motions for Default Judgment, ECF Nos. [33], [36], [44], [48], and [49]. However, a Clerk's Default has not been entered against any Defendant. Plaintiff filed one Motion for Clerk's Default against Defendants, ECF No. [46], which was denied by the Clerk of Court, *see* ECF No. [47], because Defendants have appeared and filed the instant Motion to Dismiss. Accordingly, it is **RECOMMENDED** that the Motions for Default Judgment, ECF Nos. [33], [36], [44], [48], and [49], all be **DENIED**.

(citing *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015)). Shotgun pleadings "include complaints that: (1) 'contain multiple counts where each count adopts the allegations of all preceding counts'; (2) do not re-allege all the [preceding] counts but are 'replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action'; (3) do not separate each cause of action or claim for relief into separate counts; or (4) in a multi-defendant action, contain counts that present a claim for relief without specifying which defendants the claim is brought against." *Sarhan v. Miami Dade Coll.*, 800 F. App'x 769, 771–72 (11th Cir. 2020) (citing *Weiland*, 792 F.3d at 1321–23). "A district court has the 'inherent authority to control its docket and ensure the prompt resolution of lawsuits,' which includes the ability to dismiss a complaint on shotgun pleading grounds.'" *Id.* (citing *Weiland*, 792 F.3d at 1320).

## IV. ANALYSIS

As an initial matter, the Court finds that Plaintiff's Fourth Amended Complaint, ECF No. [24], should be treated as the operative complaint herein. While Plaintiff did not have leave to file the Fourth Amended Complaint, Defendants' arguments address the purported deficiencies of the Fourth Amended Complaint, seeing as no relevant substantive changes were made between the Complaint and the Fourth Amended Complaint. Additionally, Defendant Gonzalez joins in the Motion to Dismiss, although he was named only in the Fourth Amended Complaint. Thus, in this limited instance, the Court finds it proper to address the Motion to Dismiss as directed at the Fourth Amended Complaint. For the reasons outlined below, the Court finds that Plaintiff's Fourth Amended Complaint should be dismissed without prejudice, both as a shotgun pleading and as frivolous and fantastical.

First, Plaintiff's Fourth Amended Complaint should be dismissed as a shotgun pleading. The Court is mindful that Plaintiff is proceeding *pro se* in this matter, however, "[t]hough we liberally construe pleadings from *pro se* litigants, that a litigant opts to represent themselves *pro se* does not excuse their noncompliance with procedural rules." *Sarhan*, 800 F. App'x at 771 (citing *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007)). The Eleventh Circuit has outlined four distinct grounds upon which a complaint may be deemed a shotgun pleading and, notably, Plaintiff's Fourth Amended Complaint meets three of those bases.

First, the Fourth Amended Complaint "do[es] not separate each cause of action or claim for relief into separate counts." *Id.* (quoting *Weiland*, 792 F.3d at 1321–23). Plaintiff begins the Fourth Amended Complaint with a list of statutes and other purported causes of action forming the basis of the allegations. ECF No. [24] at 1. However, Plaintiff fails to separate any cause of action or direct any allegations to a specific cause of action. *See generally id.* Rather, Plaintiff separates his allegations into subsections including "Nature of Action," "Jurisdiction and Venue," "Federal Background on Harassment, Violations of Federal Laws and Discrimination," "The Unlawful Practices," "The Plaintiff Background," "Violation of Laws," and "Prayer for Relief." *Id.* The only somewhat specific references to each count are found within the "Violation of Laws" section, but even so, the allegations are not separated, and include multiple statutes and/or other causes of action within most paragraphs. *Id.* at 8–9.

Second, the Fourth Amended Complaint "do[es] not re-allege all the [preceding] counts but [is] 'replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action.'" *Sarhan*, 800 F. App'x at 771 (quoting *Weiland*, 792 F.3d at 1321–23). As stated, Plaintiff's Fourth Amended Complaint is not separated by cause of action, and thus Plaintiff cannot re-allege the preceding counts as none are present. However, the Fourth Amended

9

Complaint is replete with "conclusory, vague, and immaterial facts," which do not correspond with any particular cause of action. *Id.* This is most apparent in the section titled "The Plaintiff Background" where Plaintiff outlines his educational background and criminal history and goes on to list purported sections of the "Department of Justice Manual," that were allegedly violated by unspecified Defendant(s). ECF No. [24] at 6–8. Additionally, Plaintiff's Fourth Amended Complaint includes immaterial and inflammatory accusations, such as, "[t]hese FBI Agents are just pure evil," "someone Senior in the FBI must have issued this highly illegal order," and "[l]ast time the plaintiff check[ed] he was a human being and his children need[] a father like FBI Agents with children who orchestrated this sophisticated illegal operation." *Id.* at 6.

Third, this is a multi-defendant action, and the Fourth Amended Complaint lists claims "without specifying which defendants the claim is brought against." *Sarhan*, 800 F. App'x at 771 (quoting *Weiland*, 792 F.3d at 1321–23). The Fourth Amended Complaint begins by stating that Plaintiff brings this action under various statutes and other purported causes of action "individually and on behalf of himself on Federal Bureau of Investigations (FBI) and United States Department of Justice (DOJ)" but does not mention the other Defendants. ECF No. [24] at 2. Indeed, throughout the entire Fourth Amended Complaint, Plaintiff seems to attribute all actions to all Defendants, using the term "defendants" repeatedly, and does not once mention by name Defendants Garland, Wray, or Gonzalez. *See id.* As Defendants argue in their Motion to Dismiss, such a conflation of defendants makes it effectively impossible for Defendants to formulate a proper response to the Fourth Amended Complaint. *See* ECF No. [32] at 4.

Further, the Court finds that the Fourth Amended Complaint is indeed "frivolous and fantastical," as pled. *See id.* at 5–7. Courts in the Eleventh Circuit "have the inherent power to *sua sponte* dismiss frivolous suits without giving notice to the parties," namely, when the suit is

"without arguable merit either in law or fact." *Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008). Here, Plaintiff alleges that an unknown Government agent orchestrated a scheme to poison and kill Plaintiff, which involved not only an unnamed bartender but also an entire hospital staff. With little specificity, Plaintiff attempts to assert ten statutory violations against all Defendants—many of which do not include a private right of action, and many of which are criminal statutes—in addition to the unrecognized causes of action for "lack care of duty," "Ninth Amendment," and "Cruel and Human Rights Violations." *See generally*, ECF No. [24]. Indeed, Plaintiff even attempts to sue the DOJ and FBI using the criminal statutes for hate crimes and attempted murder. *See id.* (citing 18 U.S.C. § 249 (Hate crime acts) and 18 U.S.C. § 1113 (Attempt to commit murder or manslaughter)). This purported scheme is neither supported by fact nor law, and as pled, clearly fails to state a claim of any sort. *See Guthrie v. U.S. Gov't*, 618 F. App'x 612, 617 (11th Cir. 2015) (finding that "[t]he district court did not abuse its discretion in dismissing Guthrie's sixth amended complaint for frivolity," where the plaintiff alleged various government defendants "injected bacteria under his skin while he was asleep," and "had nurses draw more blood than was medically necessary so that mysterious tests could be conducted," among other ideations).

The Court is mindful, however, that Plaintiff is proceeding *pro se* and attempting to state a claim for relief. As such, the use of the Court's inherent authority to dismiss Plaintiff's Fourth Amended Complaint with prejudice is unnecessary at this stage. Plaintiff has now filed five versions of the Complaint in this action, albeit without leave to amend. However, this is the first instance in which the Court has alerted Plaintiff to the myriad deficiencies in the Fourth Amended Complaint. Plaintiff is now on notice of the deficiencies of his Fourth Amended Complaint and should be permitted a ***final*** opportunity to amend the same to address the concerns raised by the

11

Court, and state his claim, *if* any such claim does exist. *See Sarhan*, 800 F. App'x at 772 (citing *Vibe Micro*, 878 F.3d at 1295) (noting that refiling a claim with the same deficiencies could lead to dismissal and the imposition of monetary sanctions).

## V. RECOMMENDATIONS

For the reasons noted above the Court **RECOMMENDS** that Defendants' Motion to Dismiss, ECF No. [32], be **GRANTED**. Plaintiff's Fourth Amended Complaint, ECF No. [24], should be dismissed without prejudice, with one final opportunity to amend and correct the deficiencies outlined above.

## VI. OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the United States District Judge for the Southern District of Florida, no later than **FOURTEEN (14) DAYS** from the date of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Report and Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1)(C); *Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers at Miami, Florida on July 21, 2023.

_____
**JACQUELINE BECERRA**
**UNITED STATES MAGISTRATE JUDGE**