UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-22376-CIV-MARTINEZ/SANCHEZ

HAROLD JEAN-BAPTISTE,

    Plaintiff,

v.

UNITED STATES OF AMERICA, *et al.*,

    Defendants.
_____/

### REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS

This matter is before the Court on the Motion to Dismiss Plaintiff's Fifth Amended Complaint, ECF No. 60, filed by Defendants United States Department of Justice ("DOJ"); Merrick B. Garland, as Attorney General of the DOJ ("Garland"); Federal Bureau of Investigations ("FBI"); Christopher Wray, as Director of the FBI ("Wray"); and the Civil Process Clerk for the U.S. Attorney's Office for the Southern District of Florida ("Clerk") (collectively, "Defendants").[1] After a review of Defendants' motion, Plaintiff's response (ECF No. 61), the pertinent portions of the record, and the relevant authority, and the undersigned otherwise being fully advised in the premises, the undersigned **RESPECTFULLY RECOMMENDS** that Defendants' Motion to Dismiss Plaintiff's Fifth Amended Complaint, ECF No. 60, be **GRANTED** and that Plaintiff's Fifth Amended Complaint, ECF No. 54, be **DISMISSED WITH PREJUDICE**.

### I.    PROCEDURAL BACKGROUND

On November 21, 2022, Defendants moved to dismiss Plaintiff's Fourth Amended Complaint. ECF No. 32. On July 21, 2023, Judge Becerra issued a Report and Recommendation

---

[1] The Honorable Jose E. Martinez, United States District Judge, referred the instant motion to the undersigned. ECF No. 66.

recommending dismissal of the Fourth Amended Complaint as both an impermissible shotgun pleading and a "frivolous and fantastical" pleading, but recommended that Plaintiff "should be permitted a *final* opportunity to amend" the complaint "to address the concerns raised by the court, and state his claim, *if* any such claim does exist." ECF No. 50 at 11-12. In the Report and Recommendation, Judge Becerra put Plaintiff "on notice of the deficiencies of his Fourth Amended Complaint" and explained how Plaintiff could cure those issues if he chose to amend his complaint for a fifth time. *Id.* at 9-11. On August 14, 2023, Judge Martinez adopted the Report and Recommendation and gave Plaintiff "**one final opportunity** to amend his pleading . . . that corrects the deficiencies outlined in the Report and Recommendation." ECF No. 52 at ¶ 5. Thereafter, Plaintiff timely filed the operative Fifth Amended Complaint, ECF No. 54, and Defendants filed their motion to dismiss that complaint, ECF No. 60.

## II.     LEGAL STANDARD

To comply with federal pleading standards, a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiffs much present each of their claims "in a separate numbered paragraph, with each paragraph 'limited as far as practicable to a single set of circumstances.'" *Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 662 (11th Cir. 2019) (quoting Fed. R. Civ. P. 10(b) and citing *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996)); *see* Fed. R. Civ. P. 10(b). "The opposite of a short and plain statement of the claim is what is known as a 'shotgun' pleading." *Kreiter v. Ocwen Loan Servicing, LLC*, Case No. 22-80101-CIV-SINGHAL, 2022 WL 225884, at *1 (S.D. Fla. Jan. 26, 2022). A shotgun pleading typically falls into one or more of four categories because it:

> (1) contains multiple counts where each count adopts the allegations of all preceding counts; (2) is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) fails to separate into a

> different count each cause of action; or (4) asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act.

*Embree*, 777 F. App'x at 662 (citing *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015)). "In general, a shotgun pleading fails to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* Moreover, such shotgun pleadings place a heavy burden on trial courts, waste judicial resources, and undermine public respect for the courts. *See, e.g.*, *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018); *U.S. ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006). It is no surprise, then, that "[c]ourts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc.*, 878 F.3d at 1295. Accordingly, a district court may use its "'inherent authority to control its docket and ensure the prompt resolution of lawsuits' . . . to dismiss a complaint on shotgun pleading grounds." *Id.* (quoting *Weiland*, 792 F.3d at 1320).

Defendants have moved to dismiss the Fifth Amended Complaint pursuant to Fed. R. Civ. P. 41(b). ECF No. 60 at 1, 4. Under Rule 41(b), "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases,'" and the court's authority extends to dismissing cases under Rule 41(b). *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)).

"The legal standard to be applied under Rule 41(b) is whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (quotation omitted). "[F]indings satisfying both prongs of our standard are *essential* before dismissal with prejudice is appropriate." *Betty K. Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1339 (11th Cir. 2005).

3

### III. ANALYSIS

For the reasons discussed below, the Plaintiff's Fifth Amended Complaint remains a shotgun pleading that fails to cure the deficiencies outlined by Judge Becerra's Report and Recommendation, *see* ECF No. 50 at 9-11, and dismissal with prejudice is warranted under the circumstances.

First, the Fifth Amended Complaint still "do[es] not separate each cause of action or claim for relief into separate counts." *Id.* at 9 (quoting *Sarhan v. Miami Dade Coll.*, 800 F. App'x 769, 771 (11th Cir. 2020)). Like the Fourth Amended Complaint, the Fifth Amended Complaint still opens with a laundry list of statutes and purported causes of action, and it still fails to separate each of those purported causes of action or claims into separate counts. ECF No. 54.[2] Instead, the Fifth Amended Complaint retains the same structure, using the identical subsections and headings that Plaintiff used in the Fourth Amended Complaint and that, as Judge Becerra's Report and Recommendation pointed out, *see* ECF No. 50 at 9, failed to separate each cause of action into separate counts. *See, e.g.*, ECF No. 54 (continuing to separate allegations into the following subsections: "Nature of Action," "Jurisdiction and Venue," "Federal Background on Harassment, Violations of Federal Laws and Discrimination," "The Unlawful Practices," "The Plaintiff Background," "Violation of Laws," and "Prayer for Relief"). Moreover, Plaintiff's allegations are

---

[2] The undersigned recognizes that, in the Fifth Amended Complaint, Plaintiff has reduced the number of statutory provisions included in his laundry list of statutes and purported causes of action. Indeed, the Fifth Amended Complaint no longer references 42 U.S.C. § 1981, 18 U.S.C. § 242, 18 U.S.C. § 1117, 42 U.S.C. § 1988, 18 U.S.C. § 249, or 18 U.S.C. § 1113, and it has deleted four paragraphs from the Fourth Amended Complaint (ECF No. 24 at ¶¶ 16-19) that addressed some of these removed statutes. *Compare* ECF No. 24 *with* ECF No. 54. But while these amendments—the only real changes between the Fourth Amended Complaint and the Fifth Amended Complaint—have reduced the length of the laundry list of statutes relied upon by Plaintiff, they have not cured the failings addressed in Judge Becerra's Report and Recommendation. The Fifth Amended Complaint remains a shotgun pleading.

4

still jumbled together, and, of the limited paragraphs that do refer to specific statutes or causes of action, most still contain references to multiple statutes and causes of action. *See, e.g., id.* at ¶ 13 (alleging "direct violation of 42 U.S. CODE.1983, 42 U.S. CODE.1985(3), 18 U.S. CODE § 241, 42 U.S. CODE § 1986, LACK CARE OF DUTY, NIONTH AMENDEMENT, CRUEL AND HUMAN RIGHTS VIOLATIONS"); *id.* at ¶ 19 ("The FBI and DOJ are strictly liable for the actions against the plaintiff by violating Constitutional Laws and Federal Statutes. The plaintiff file suit for protection from the court, to prevent and stop any current actions that will violate Federal Laws or threat to the plaintiff's life. Only the court can stop this monovalent inhuman and cruel behavior.") By again failing to "separate any cause of action or direct any allegations to a specific cause of action," Plaintiff has failed to follow the Court's instructions to remedy his shotgun pleading. *See* ECF No. 50 at 9.

Second, the Fifth Amended Complaint is still "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* (citing *Sarhan*, 800 F. App'x at 771). In her Report and Recommendation, Judge Becerra specifically pointed out that an illustrative section of the Fourth Amended Complaint entitled "The Plaintiff Background," which recited facts about Plaintiff's educational background and criminal history and alleged that unspecified Defendant(s) purportedly violated sections of the "Department of Justice Manual," was replete with conclusory, vague, and immaterial facts. *Id.* at 10. Plaintiff nonetheless retained that section of the Fourth Amended Complaint and the entirety of its allegations in his Fifth Amended Complaint. *Compare* ECF No. 54 at 6-7 *with* ECF No. 24 at 6-7. The Fifth Amended Complaint additionally retains inflammatory statements that Plaintiff was previously warned about. Indeed, Judge Becerra's Report and Recommendation identified specific examples of immaterial and inflammatory accusations contained in the Fourth Amended Complaint—"[t]hese FBI Agents are just pure evil," "someone Senior in the FBI must have issued this highly illegal

5

order," and "[l]ast time the plaintiff check[ed] he was a human being and his children need[] a father like FBI Agents with children who orchestrated this sophisticated illegal operation," ECF No. 50 at 10 (quoting ECF No. 24 at 6)—yet those identical allegations are again included in the Fifth Amended Complaint. *Compare* ECF No. 54 at 5-6 *with* ECF No. 24 at 6.

Third, the Fifth Amended Complaint still lists claims "without specifying which defendants the claim is brought against." *See* ECF No. 50 at 10 (citing *Sarhan*, 800 F. App'x at 771). The Fifth Amended Complaint still purports to be based on a variety of statutes and other causes of action, and it repeats that "[t]he plaintiff brings this action individually and on behalf of himself on Federal Bureau of Investigations (FBI) and United State Department of Justice (DOJ)." ECF No. 54 at 2. But Plaintiff does not mention Defendants Garland, Wray, or the Clerk anywhere other than in the style of the Fifth Amended Complaint, and where Plaintiff discusses the parties, he discusses the FBI, DOJ, and himself, but no other Defendant. *Id.* at 4 ¶¶ 4-5. Indeed, just as in the Fourth Amendment, the Fifth Amended Complaint impermissibly conflates all defendants. *See* ECF No. 50 at 10; ECF No. 54.

Last, the Fifth Amended Complaint remains "frivolous and fantastical." The Report and Recommendation described the Fourth Amended Complaint this way:

> Plaintiff alleges that an unknown Government agent orchestrated a scheme to poison and kill Plaintiff, which involved not only an unnamed bartender but also an entire hospital staff. With little specificity, Plaintiff attempts to assert ten statutory violations against all Defendants—many of which do not include a private right of action, and many of which are criminal statutes—in addition to the unrecognized causes of action for "lack of care of duty," "Ninth Amendment," and "Cruel and Human Rights Violations."

ECF No. 50 at 11. The "factual" substance of those allegations remains unchanged in the Fifth Amended Complaint. While the undersigned recognizes that Plaintiff no longer includes several statutes in the Fifth Amended Complaint, *see supra* note 2; *compare* ECF No. 54 at 2 *with* ECF No. 24 at 2, that change does not remedy the fact that the Fifth Amended Complaint—whose

allegations are otherwise nearly identical to those contained in the Fourth Amended Complaint—still "clearly fails to state a claim of any sort." ECF No. 50 at 11.

Defendants seek dismissal of the Fifth Amended Complaint with prejudice as "the only remedy that will serve the interests of justice." ECF No. 60 at 7. Here, Plaintiff filed a Fifth Amendment Complaint that is nearly identical to his Fourth Amended Complaint. Because Plaintiff failed to use the "**one last opportunity**" that the Court gave him to properly amend his complaint as instructed by the Court, willfully ignoring the Court's directive that he "correct[] the deficiencies outlined in the Report and Recommendation," ECF No. 52 at ¶ 5, and because the Fifth Amended Complaint thus remains an impermissible shotgun pleading, "there is a clear record of delay" by Plaintiff and a willful disregard of the Court's August 11, 2023 Order, and "lesser sanctions" than a dismissal with prejudice "would not suffice."[3] *See, e.g.*, *Goforth*, 766 F.2d at 1535; *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, *especially where the litigant has been forewarned*, generally is not an abuse of discretion.") (emphasis added). Accordingly, dismissal of the Fifth Amended Complaint with prejudice is appropriate. *See, e.g.*, *Vibe Micro*, 878 F.3d at 1296 (affirming district court's dismissal of shotgun pleading with prejudice); *Embree*, 779 F. App'x at 662 (explaining that, when a plaintiff fails to cure a shotgun pleading's deficiencies after being given a chance to replead, the amended complaint is "subject to dismissal").

## IV. CONCLUSION

For the reasons discussed above, the undersigned **RESPECTFULLY RECOMMENDS** that Defendants' Motion to Dismiss Plaintiff's Fifth Amended Complaint, ECF No. 60, be

---

[3] Plaintiff's response to the Defendants' motion to dismiss further demonstrates his recalcitrance and continuing refusal to acknowledge and remedy the deficiencies in the Fourth Amended Complaint, despite the Court's instructions that he do so. *See* ECF No. 61. Indeed, Plaintiff does not even request leave to further amend his pleading.

7

**GRANTED** and that Plaintiff's Fifth Amended Complaint, ECF No. 54, be **DISMISSED WITH PREJUDICE**.

Within ten (10) days of this Report and Recommendation, that is, **by Monday, August 26, 2024**, the parties shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Jose E. Martinez, United States District Judge. Failing to file timely objections will bar a de novo determination by the District Judge of any issue addressed in the Report and Recommendation, will constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," and will only allow appellate review of the district court order "for plain error if necessary in the interests of justice." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY RECOMMENDED** in Chambers in Miami, Florida, this 16th day of August 2024.

_____
EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE

cc:   Hon. Jose E. Martinez
      Counsel of Record